IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


TAURUS BLOCKER,

    Petitioner,

v.                             CASE NO.  4:14cv648-RH/EMT

JULIE JONES,

    Respondent.

_____/


**ORDER DENYING THE PETITION AND
DENYING A CERTIFICATE OF APPEALABILITY**


    By a petition for a writ of habeas corpus under 28 U.S.C. § 2254, the petitioner Taurus Blocker challenges his state-court conviction for sexual battery with physical force.  The petition is before the court on the magistrate judge's report and recommendation, ECF No. 22, and the objections, ECF No. 25. I have reviewed *de novo* the issues raised by the objections.

    The report and recommendation is correct and is adopted as the court's opinion, with this qualification.  The victim gave a description of her assailant that did not include any reference to gold teeth.  Mr. Blocker has gold teeth that one would expect to be included in a description given by anyone who saw him open

Case No.  4:14cv648-RH/CAS

his mouth.  On direct examination, Mr. Blocker said the gold caps were installed by a dentist in 1993, prior to the assault.  On cross, the prosecutor asked whether Mr. Blocker would be presenting his dental records or the dentist's testimony to corroborate the testimony.  Mr. Blocker says this impermissibly shifted the burden of proof and that his attorney rendered ineffective assistance when he failed to object.

The question was promptly struck.  The trial court ruled on collateral review that the question made no difference in the outcome.  That was a reasonable conclusion.  Mr. Blocker is not entitled to relief on this claim.

This does not mean that asking this question was proper.  It was not.  The argumentative question of what evidence a party's attorney will present during a trial—information a party often does not know—is almost always improper, especially in a criminal case in which the question may seem to put a burden on the defendant.  A defendant's failure to present corroborating evidence can be noted in a properly phrased closing argument, but the question put to Mr. Blocker was improper.

Even so, the defense attorney's failure to object was not ineffective.  An objection to a question that makes no difference often serves only to highlight the issue.  Mr. Blocker plainly is not entitled to relief on this claim.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has not made the required showing. This order thus denies a certificate of appealability. Because the petitioner has not obtained—and is not entitled to—a certificate of appealability, any appeal will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that an appeal will not be taken in good faith and that the petitioner is not otherwise entitled to proceed on appeal *in forma pauperis*. But for the requirement to obtain a certificate of appealability, leave to proceed on appeal *in forma pauperis* would be granted.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is ACCEPTED.

2. The clerk must enter judgment stating, "The petition is DENIED with prejudice."

3. A certificate of appealability is DENIED.

4. The clerk must close the file.

SO ORDERED on May 28, 2016.

                                              s/Robert L. Hinkle
                                              United States District Judge